*Ward, for appellants.*

---

## THOMAS J. GORIN ET AL v. JAMES D. SMITH.

**Warehouse-Man—Absence of Instructions—Unforseen Emergency.**

>   A warehouse man, in the absence of any direct instructions, by the consignor, may exercise his own discretion and in cases of unforseen emergncy may act contrary to general instructions provided he acts in good faith.

APPEAL FROM BARREN CIRCUIT COURT.

May 26, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

Whether or not Ronald, the warehouse-man, to whom the tobacco was consigned was expressly authorized by Smith, the planter, to sell it, is a question perhaps not necessarily involved in the determination of this controversy; he was certainly bound to follow the lawful instructions of Smith, and in the absence of any direct instructions the weight of authority seems to be that he may exercise his own discretion; but in cases of unforeseen emergency the consignee may act contrary to general instructions, when those instructions are manifestly applicable to ordinary circumstances only, as if he acts in good faith and with

reasonable diligence he will be protected. *Story on Agency* 78, 113, 225.

Ronald in his evidence states he has no recollection of having received any instructions from Smith on the subject of the sale of the tobacco, and says two reasons influenced him in making the sale. *First.* The price which he received for it he regarded as a very good one. *Secnd,* he had no room in his warehouse to store it, on account of the large quantity of tobacco then on hand, from which it must appear he might lawfully sell.

From the language of the order which is the best evidence of what the real transaction between the parties in relation to Smith's tobacco, it is to be understood that he sold it to Gorin or to him, and his partner, and as it was not contemplated by either of the parties that the tobacco was to be removed, but understood it was to remain with Ronald until it was sold, the direction was to pay the proceeds over to T. J. Gorin.

The instructions in this view of the case asked by appellants were in conflict with the opinion of this court in the case between these parties 2 *Duvall* 155, and the instruction given for appellee conforms thereto.

Wherefore, the judgment is affirmed.

*Underwood, Rodman, for appellant.*

*Barnett & Edwards, for appellee.*